# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 15-568V
(not to be Published)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
|  |  |
|---|---|
| MARK GREER, | |
| | Special Master Corcoran |
| Petitioner, | Filed: May 16, 2017 |
| v. | Decision; Attorney's Fees and Costs. |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent. | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Danielle A. Strait*, Maglio, Christopher & Toale, Seattle, WA, for Petitioner.

*Althea W. Davis*, U.S. Dep't of Justice, Washington, DC, for Respondent.

## ATTORNEY'S FEES AND COSTS DECISION[1]

On June 3, 2015, Mark Greer filed a petition seeking compensation under the National Vaccine Injury Compensation Program ("Vaccine Program").[2] Petitioner alleged that he suffered from Guillain-Barré syndrome as a result of his November 5, 2014, receipt of the Tetanus-diphtheria-acellular pertussis vaccine. The parties eventually filed a stipulation for damages on November 9, 2016 (ECF No. 26), which I adopted by decision, dated November 10, 2016. ECF No. 27.

---

[1] This decision has been designated "not to be published," which means I am not directing it to be posted on the Court of Federal Claims's website. However, it will nevertheless be posted elsewhere, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the published decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole decision will be available in its present form. *Id*.

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act").

Petitioner has now filed a motion requesting final attorney's fees and costs, dated April 19, 2017. *See* ECF No. 32 (Ex. 14) ("Fees App."). Petitioner requests reimbursement of attorney's fees and costs in the combined amount of $21,238.08 (representing $19,509.60 in attorney's fees, plus $1,728.48 in costs). Fees App. at 1-2. Additionally, and in accordance with General Order No. 9, Petitioner represents that he did not incur any personal costs in connection with this case. *Id.* at 2; ECF No. 32-3 (Ex. 16).

Respondent reacted to the motion on May 3, 2017, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring to my discretion the determination of the amount to be awarded. ECF No. 35 at 2. Petitioner thereafter filed a reply on May 10, 2017. ECF No. 37. In it, Petitioner argued that Respondent's choice to not take a position on the fees award prejudices Petitioner, as it is Respondent's responsibility to note if a request for attorney's fees and costs is unreasonable. *Id.* at 2. Petitioner otherwise reiterated his request for attorney's fees and costs as set forth in his fees application. *Id.*

As a successful Vaccine Program petitioner, Mr. Greer is entitled to a fees award. The hourly rates requested herein are in accordance with those I and other special masters have previously awarded to Petitioner's counsel, Ms. Danielle Strait.[3] *See, e.g., Foster v. Sec'y of Health & Human Servs.*, No. 14-309V, 2016 WL 7233943 (Fed. Cl. Spec. Mstr. Nov. 15, 2016); *Dearing v. Sec'y of Health & Human Servs.*, No. 14-289V, 2016 WL 7451349 (Fed. Cl. Spec. Mstr. Nov. 2, 2016). Therefore, I will likewise award them.

The majority of the hours expended on this matter (85.8 hours in total) were also reasonable. The time it took to resolve the case was mainly the product of the parties' damages discussions. But fees and costs associated with settlement are properly reimbursable. *Thomas v. Sec'y of Health & Human Servs.*, No. 92-46V, 1997 WL 74664, at *7 (Fed. Cl. Spec. Mstr. Feb. 3, 1997) (rejecting Respondent's assertion that the fees and costs should necessarily be lower when a case settles without a hearing).

I will, however, make one adjustment to the requested hours. On June 23-24, 2015, the billing invoices reflect 8.9 hours of attorney time devoted to travel to visit Petitioner, on top of 2.5

---

[3] Petitioner's application for fees and costs also includes a proposed hourly rate of $320 per hour for Ms. Strait's 2017 work – higher than what she has received for prior years in other cases. Because Respondent does not maintain an objection to the amount of fees and costs sought by Petitioner, and because I find that the total sum requested is reasonable under the circumstances, I do not reach the question of whether Ms. Strait is entitled to the requested 2017 rate under the hourly rate ranges established in *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 20145 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). This decision therefore does not constitute specific approval of this requested rate.

hours actually meeting with Petitioner. Fees App. at 3. It is common practice in the Program to compensate hours spent traveling at one-half of the normal hourly attorney rate, although the fact that an attorney is traveling is not automatically dispositive of how to treat such attorney time. *See, e.g., King v. Sec'y of Health & Human Servs.*, No. 03-584V, 2009 WL 2524564, at *4 (Fed. Cl. Spec. Mstr. July 27, 2009); *Kuttner v. Sec'y of Health & Human Servs.*, No. 06-195V, 2009 WL 256447, at *10 (Fed. Cl. Spec. Mstr. Jan. 16, 2009). In some situations, an award of full attorney's fees for travel is appropriate if sufficient documentation exists specifying the work performed while traveling. *Gruber v. Sec'y of Health & Human Servs.*, 91 Fed. Cl. 773, 791 (2010).

Here, the billing invoices list several entries related to the same meeting with Petitioner. The entries related to actual travel are separate from the time spent meeting with Petitioner, and they do not reveal that any work was being performed during counsel's travel time. Fees App at 3. Thus, the time entries reflect work that does not merit full compensation under Program standards, and I will therefore (in accordance with the usual practice) only award 4.45 of the 8.9 hours billed to this travel activity, resulting in a deduction of $1,312.75.

As noted above, Petitioner additionally requests an award of litigation costs for counsel in the amount of $1,728.48, reflecting payments for the filing fee, medical records, and travel costs associated with a meeting with Petitioner. Ex. 15 at 1. Respondent has offered no specific objections to these costs, and upon review of the record I find that they are reasonable.

Accordingly, based on the reasonableness of Petitioner's request, I hereby **GRANT** Petitioner's Motion for attorney's fees and costs. An award of $19,925.33 (representing $18,196.85 in attorney's fees and $1,728.48 in costs) should be made in the form of a check payable jointly to Petitioner and Petitioner's counsel, Danielle A. Strait, Esq. Payment of this amount represents all attorney's fees and costs available under 42 U.S.C. § 300aa-15(e). In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of Petitioner's motion.[4]

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Special Master

---

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by each filing (either jointly or separately) a notice renouncing their right to seek review.